# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

VINCENT LAWRENCE ROBERTS,

Plaintiff,

v.

FAIRBANKS PUBLIC DEFENDERS,

Defendants.

Case No. 4:25-cv-00035-SLG

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE

On August 28, 2025, self-represented prisoner Vincent Lawrence Roberts ("Plaintiff") filed a civil complaint against the Public Defender's Office in Fairbanks, Alaska.[1] Plaintiff's Complaint challenges the constitutional adequacy of court-appointed defense attorneys in state court criminal cases and purports to be brought on behalf of a class of prisoners.[2] Plaintiff also filed three petition-style documents signed by numerous prisoners who purportedly seek to proceed as class representatives or co-plaintiffs in this case.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.[4] Upon review, the Complaint must be dismissed for

---

[1] Docket 1.

[2] Docket 1 at 1. 10-11.

[3] Docket 1 at 10-12.

[4] Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, shall dismiss the case at any time if the court determines that

failure to state a claim. The Court further finds that allowing Plaintiff leave to file an amended complaint would be futile.[5] This dismissal counts as a "strike" as to Mr. Roberts only; this dismissal does not count a strike as to any other prisoners because their claims were not adjudicated on the merits.

## DISCUSSION

### I. Plaintiff can only represent his own interests

Vincent Roberts is the sole litigant listed on the docket. The 49 additional prisoners listed on the separate signature pages have not been added as plaintiffs to the docket and are not considered co-plaintiffs in this case. A non-attorney self-represented litigant may represent only his own interests,[6] and has "no authority to appear as an attorney for others than himself."[7] The signature sheets submitted with the Complaint do not add any individuals as parties to this case and a self-represented litigant cannot maintain a class action.[8]

---

the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[5] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[6] 28 U.S.C. § 1654.

[7] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[8] *See* Federal Rule of Civil Procedure 23 (setting forth the prerequisites for maintaining

Case No. 4:25-cv-00035-SLG, *Roberts v. Fairbanks Public Defenders*
Order of Dismissal Upon Screening & Notice of Strike
Page 2 of 7
Case 4:25-cv-00035-SLG   Document 4   Filed 12/15/25   Page 2 of 7

Federal Rule of Civil Procedure 20 allows for the permissive joinder of plaintiffs who assert claims arising out of the same transaction or occurrence and present common questions of law or fact. When appropriate, prisoners may join together as self-represented litigants in a lawsuit, so long as they each pay "the full amount of a filing fee."[9] However, given that Plaintiff cannot state a viable civil rights claim against a state public defender or the public defender's office under 42 U.S.C. § 1983, the joinder of other prisoners to this litigation who also cannot state a viable civil rights claim against public defenders is not warranted in this case.

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[10] To act under color of state law, a complaint must allege that the

---

a class action).

[9] *Johnson v. High Desert State Prison*, 127 F.4th 123, 133–34 (9th Cir. 2025) (explaining that prisoners "can proceed under [28 U.S.C.] § 1914 and decide amongst themselves how to apportion the cost upfront. For instance, they can each pay $175, or maybe one of them has more funds than the other and pays the entire $350. Alternatively, they can proceed under § 1915 and each pay $350 over many months, and perhaps over many years . . . [B]y giving prisoners this choice, and by perhaps incentivizing prisoners to proceed under § 1914, Congress did indeed accomplish its goals of treating indigent IFP prisoners like 'ordinary non-indigent plaintiffs' while simultaneously ensuring that prisoners retain access to court.").

[10] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 4:25-cv-00035-SLG, *Roberts v. Fairbanks Public Defenders*
Order of Dismissal Upon Screening & Notice of Strike
Page 3 of 7
Case 4:25-cv-00035-SLG   Document 4   Filed 12/15/25   Page 3 of 7

defendant acted with state authority as a state actor.[11] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[12] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[13]

### III. Plaintiff cannot bring Section 1983 claims against a public defender or a public defender's office

An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor,"[14] an essential element of a Section 1983 claim. Such an attorney, whether from the Office of Public Advocacy, the Public Defender Agency, or by contract, is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[15] "Except for the source of payment, . . . the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender

---

[11] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[12] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[13] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[14] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[15] *Id*., citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

Case No. 4:25-cv-00035-SLG, *Roberts v. Fairbanks Public Defenders*
Order of Dismissal Upon Screening & Notice of Strike
Page 4 of 7

Case 4:25-cv-00035-SLG   Document 4   Filed 12/15/25   Page 4 of 7

program."[16] Therefore, Plaintiff cannot state a viable civil rights claim in federal court against his court-appointed attorneys or their staff because these defendants are not state actors. For these reasons, the Court finds the Complaint must be dismissed. Any amendment would be futile, so the Court will not grant Plaintiff leave to file an amended complaint. This dismissal will count as a "strike" under § 1915(g) against Plaintiff only.

## IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[17] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[18] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[19] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[20] It cannot be triggered

---

[16] *Polk County*, 454 U.S. at 318-19.

[17] 28 U.S.C.A. § 1915(g).

[18] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[19] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[20] *Andrews,* 493 F.3d at 1056 (cleaned up).

Case No. 4:25-cv-00035-SLG, *Roberts v. Fairbanks Public Defenders*
Order of Dismissal Upon Screening & Notice of Strike
Page 5 of 7
Case 4:25-cv-00035-SLG   Document 4   Filed 12/15/25   Page 5 of 7

solely by complaints of past injury or generalized fears of possible future harm.[21] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[22]

### V. Warnings re Status Requests

The undersigned has received reports that Plaintiff and other prisoners have made repeated and excessive phone calls to the Clerk's Office asking about the status of this case and Case No. 4:25-cv-00060-SLG. During these calls, Plaintiff has persistently asked questions that clerical staff cannot answer. The Clerk's Office staff may provide general information about procedure and docket activity but cannot advise a party how to proceed, interpret rules, or predict how or when the Court will issue an order. Repetitive calls to the Court will not expedite Plaintiff's cases and unnecessarily expends the Court's limited resources. Plaintiff's remaining cases will be addressed in due course.

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED for failure to state a claim.**

2. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g) as to Plaintiff Vincent Roberts.

3. All pending motions are **DENIED as moot.**

---

[21] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[22] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00035-SLG, *Roberts v. Fairbanks Public Defenders*
Order of Dismissal Upon Screening & Notice of Strike
Page 6 of 7
Case 4:25-cv-00035-SLG   Document 4   Filed 12/15/25   Page 6 of 7

4. The Clerk shall issue a final judgment and close this case.

DATED this 15th day of December, 2025, at Anchorage, Alaska.

/s/ *Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00035-SLG, *Roberts v. Fairbanks Public Defenders*
Order of Dismissal Upon Screening & Notice of Strike
Page 7 of 7

Case 4:25-cv-00035-SLG    Document 4    Filed 12/15/25    Page 7 of 7